968 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael V. BROADWAY, Defendant-Appellant.
 No. 91-1700.
 United States Court of Appeals, Seventh Circuit.
 Argued March 3, 1992.
Decided July 7, 1992.
 
 Appeal from the United States District Court for the Central District of Illinois, Danville Division, No. 90-CR-20072, Harold A. Baker, Chief Judge.
 
 
 1
 C.D.Ill.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 Defendant Broadway was arrested after a Terry stop by officers of the Champaign, Illinois police department. The pat-down turned up a gun and a bag of crack cocaine. Following the denial of a motion to suppress the seized evidence, the defendant was convicted on one count of possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), one count of possession of a firearm in relation to a drug trafficking offence in violation of 18 U.S.C. § 924(c) and was sentenced to 101 months in prison. Broadway appeals the denial of the motion to suppress. We affirm.
 
 I. FACTS
 
 4
 On September 14, 1990 at 1:20 in the afternoon officers Murphy and Meeker of the Champaign, Illinois police department entered a housing project to execute an arrest warrant on James E. Warren, a person they believed was at that address. The district judge found the evidence to show that the apartment complex is a high crime area frequented by street gangs involved in drug distribution.
 
 
 5
 Upon entering, officer Murphy observed two men on the stairs to the second floor; one hunched over and the other lying on his back. Murphy approached and asked them who they were and what they were doing there. Broadway did not answer but attempted to stand up. He staggered, fell back and had to hold on to the bannister to steady himself. At this point the detective formed the opinion that Broadway was under the influence of some substance and asked to see identification. When the defendant reached for his pocket, officer Murphy told him he was going to pat him down to make sure he had no weapon. Murphy observed a clear plastic bag protruding from Broadway's left front pocket which felt soft to the touch. He pulled the protruding part of the bag and removed it from Broadway's pocket. It contained several smaller bags which contained a white substance which Murphy suspected was cocaine. Murphy touched Broadway's right front pocket and felt a hard object which he thought to be a gun. It was a loaded semi-automatic pistol. Murphy then placed Broadway under arrest. This exchange took place in a very brief span of time.
 
 
 6
 After a hearing on the motion to suppress, the district judge made findings of fact and concluded that the officers had reasonable suspicion to justify the stop and frisk of Broadway to dispel well-founded suspicions that he may be involved in illegal activities or armed. He now appeals the denial of the motion to suppress.
 
 II. STANDARD OF REVIEW
 
 7
 We accept the findings of fact made by the trial court when ruling on a motion to suppress unless clearly erroneous, United States v. Haddon, 927 F.2d 942, 945 (7th Cir.1991). We also review the district court's findings of "reasonable suspicion" and of "probable cause" for clear error. United States v. Spears, Nos. 89-3154, 89-3303, 90-1009, slip op. at 10 (7th Cir. June 2, 1992).
 
 III. ANALYSIS
 
 8
 Appellant argues on appeal that the police officers lacked a reasonable suspicion that the defendant was armed or was committing or about to commit a crime sufficient to justify the stop and frisk on the stairway. The law in this circuit is clear. Police officers may briefly detain a person for questioning and may pat them down for weapons if they have a reasonable suspicion that the person is armed or is, was, or about to be involved in criminal activity. Terry v. Ohio, 392 U.S. 1 (1968). Since a Terry stop is less restrictive on freedom of movement than an arrest, it requires less than probable cause. United States v. Boden, 854 F.2d 983, 992 (7th Cir.1988). Police officers
 
 
 9
 "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." [Terry at 21]. The officers may draw on their experience for their inferences from the facts they know. [citations omitted] To determine whether an officer's suspicion of criminal activity is reasonable, a court must evaluate the totality of the circumstances. [citations omitted]
 
 
 10
 Id. at 992. See also United States v. Randall, 947 F.2d 1314, 1318 (7th Cir.1991).
 
 
 11
 The Champaign policemen are experienced police officers who entering a building known to be a center for gang and drug activities, where crime and weapons are prevalent. The questioning of two men passed out on a public stairway seems appropriate action for a conscientious police officer. The fact that Broadway seemed confused and unsteady, coupled with the officers' experience and knowledge of the area, would reasonably raise the suspicion that Broadway was under the influence of drugs making a pat-down for weapons reasonable and necessary to assure the officer's safety.
 
 
 12
 Because the encounter is governed by the law applied to stop and frisk, appellant's claim that probable cause was needed to seize the bag of cocaine falls short. Probable cause is not required for a stop and frisk, merely a reasonable suspicion. United States v. Boden, 854 F.2d at 992. The circumstances and the articulated facts justify the officer's actions in this case. The fact that officer Murphy frisked the pocket with the cocaine first is of no import. The district judge found that the time elapsed between the officers' entry to the apartment building and the arrest of Broadway was a "very brief span of time--time measured in seconds." If the officer would have frisked the other pocket first he would have found the concealed weapon first and seized the cocaine immediately afterwards. See Nix v. Williams, 467 U.S. 431, 441 (1984).
 
 IV. CONCLUSION
 
 13
 The district judge's factual findings appear accurate (the appellant does not contest them on appeal) and are far from clearly erroneous. Applying the law to these facts it is clear that Judge Baker correctly concluded that, under the totality of the circumstances, (including the defendant's behavior, the high crime nature of the area, the experience level of the officers and the fact that the whole encounter lasted only a couple of minutes) the police officers' suspicions were reasonably founded and soundly based on well articulated facts and reasonable inferences therefrom. Officer Murphy's conduct did not violate Broadway's Fourth Amendment rights and the district court properly denied the motion to suppress the evidence.
 
 
 14
 The judgment of the district court is AFFIRMED.